IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jennifer E. Dunlap, | ) | C/A No. 0:14-2717-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Jennifer E. Dunlap, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

  (1)  whether the claimant is engaged in substantial gainful activity;

  (2)  whether the claimant has a "severe" impairment;

  (3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

  (4)  whether the claimant can perform her past relevant work; and

  (5)  whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In February 2011, Dunlap applied for DIB and SSI, alleging disability beginning August 18, 2008. Dunlap's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 7, 2013 at which Dunlap, who was represented by Melissa Wilson, a non-attorney representative, appeared and testified. During this hearing, Dunlap amended her alleged onset date to May 14, 2011. After hearing testimony from a vocational expert, the ALJ issued a decision on August 23, 2013 concluding that Dunlap was not disabled. (Tr. 14-23.)

Dunlap was born in 1957 and was fifty-four years old at the time of her amended alleged disability onset date. (Tr. 51-52.) She has a high school education and has past relevant work experience as an adult caregiver, a customer service assistant, and a personal service representative at a bank. (Tr. 215.) Dunlap alleged disability due to fibromyalgia, osteoarthritis, and depression. (Tr. 214.)

In applying the five-step sequential process, the ALJ found that Dunlap had not engaged in substantial gainful activity since May 14, 2011—her amended alleged onset date. The ALJ also determined that Dunlap's fibromyalgia, left knee pain status post arthroscopy, small fiber peripheral neuropathy, and osteoarthritis were severe impairments. However, the ALJ found that Dunlap did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Dunlap retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is limited to no standing or walking for over two hours at a time; limited to only occasional stooping, twisting, and crouching; limited to no kneeling, crawling or climbing; limited to no foot pedals or other controls for lower extremities; and she must avoid hazards such as, unprotected heights and dangerous machinery.



(Tr. 19.) The ALJ found that Dunlap was capable of performing past relevant work as a telephone customer service/complaint clerk and that this work did not require the performance of work-related activities precluded by Dunlap's residual functional capacity. Therefore, the ALJ found that Dunlap was not disabled from May 14, 2011 through the date of his decision.

Dunlap submitted additional evidence to the Appeals Council, which denied her request for review on May 7, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUES**

Dunlap raises the following issues for this judicial review:

I. **Prior ALJ Decision.** AR 00-1(4) requires the ALJ to consider and explain whether the facts on which a prior finding was based is subject to change with the passage of time. In this case the ALJ does not mention or discuss the prior decision but adopts its RFC finding *in toto* but the medical evidence documents a worsening of Dunlap's condition. When the ALJ does not comply with the requirements of a Ruling, must his decision be reversed?

II. **New evidence.** When new evidence is submitted to the Appeals Council, the Court reviews the Council's decision not to vacate the ALJ's decision based on the new evidence, and evaluates the ALJ's decision based on the entire record, including the evidence submitted to the Council. Where evidence submitted to the Council fills evidentiary gaps and contradicts the findings of the ALJ, was it error not to vacate the ALJ's decision, and is the ALJ's decision rendered unsupported?

III. **Failure to Consider Obesity.** Where the medical evidence documents obesity SSR 02-1p mandates 1) the ALJ determine if obesity is a severe impairment, 2) what effect it has on impairments at Step 3 and 3) what effect it has on residual functional capacity at Step 4. The ALJ here failed to even mention Dunlap's obesity at Step 2 or Step 3 or when determining his RFC at Step 4. Where the ALJ fails to follow a mandated procedure must the decision be reversed?

IV. **RFC Determination.** Social Security Ruling 96-8p requires the ALJ to conduct a function-by-function analysis and to cite to evidence of record as support when determining a claimant's the RFC. Here the ALJ's consideration of Dunlap's residual functional capacity is incomplete and inaccurate and omits the fact that Dunlap required the use of a cane. When the ALJ fails to comply with the requirements of a Ruling must his decision be reversed?

V. **Fibromyalgia.** Where the ALJ finds Fibromyalgia to be a severe impairment the Commissioner has issued procedures for the evaluation of Fibromyalgia. Here despite finding Fibromyalgia is a severe impairment the ALJ failed to evaluate it pursuant to the Commissioner's mandate and instead focused on the lack of objective medical evidence. Where the ALJ fails to follow a mandated procedure, is his decision not supported by substantial evidence and must be reversed?

(Pl.'s Br., ECF No. 14.)

**DISCUSSION**

As indicated above, Dunlap raises numerous issues in this appeal. For the reasons that follow the court finds that remand is warranted for further consideration of some of Dunlap's allegations of error and therefore the court addresses these issues first.

As explained by Dunlap in her brief, her second issue stems from the fact that after the ALJ's decision, Dunlap submitted new medical evidence to the Appeals Council consisting of medical and surgical records from April 2013 to July 2013. (See Tr. 622-57.) Dunlap appears to specifically rely on the records relating to her cervical spine in arguing that remand is warranted. These records reveal that in April 2013, Dr. C. Phillip Toussaint, a neurosurgeon, examined Dunlap based on complaints of neck pain radiating to the base of her head and right shoulder. (Tr. 622-23.) Dr. Toussaint indicated that a cervical MRI revealed disc protrusions at C4-C5, C5-C6, and C6-C7 and stated that "Dunlap has extensive pain complaints, as well as cervical disk herniations and cervical spondylosis affecting C4-5, 5-6, and 6-7." (Tr. 623.) Dr. Toussaint recommended "a three-level anterior cervical discectomy and fusion since [Dunlap] ha[d] failed conservative treatment." (Id.) In July 2013, Dr. Toussaint performed the recommended surgery at the C4-C7 levels. (Tr. 651-55.) The day after the surgery, post-operative images revealed good alignment with no complication. (Tr. 657.) The Appeals Council admitted this evidence into the record and considered it. (Tr. 2, 4-6.) However, the Appeals Council summarily stated that it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2.)

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b)

material, and (c) relates to the period on or before the date of the ALJ's decision.' "[2] Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

Furthermore, the United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be

---

[2] In this case, the parties do not appear to dispute that the additional evidence relates to the period on or before the date of the ALJ's decision.



unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

According to Dunlap, the new evidence warrants remand for further consideration by the ALJ under controlling law because this evidence demonstrates that, four months prior to the ALJ's decision, a neurosurgeon recommended cervical fusion because conservative treatment for Dunlap's shoulder and neck pain had failed. The surgery was performed six weeks before the ALJ's decision.

As an initial matter, the Commissioner argues that the evidence was not "new," and in support of this argument appears to improperly rely on caselaw interpreting the definition of "new" for a remand under sentence six of § 405(g) rather than sentence four.³ Compare Wilkins, 953 F.2d at 96 (explaining that evidence submitted to the Appeals Council is "new" "if it is not duplicative or cumulative") with Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (stating that pursuant to the sixth sentence of § 405(g), "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the

---

³ As stated above, pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits; however, this review is limited. Remand is permitted pursuant to either sentence four or sentence six of § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 296 (1993) (stating sentence four and sentence six are the "exclusive" methods by which courts may remand social security appeals). Under sentence four, review is limited to the pleadings and the administrative record. See 42 U.S.C. § 405(g); Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) (" 'Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence.' ") (quoting Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972)). Sentence six provides an avenue for remand where there is new information that is not part of the administrative record. The court may remand a case under sentence six of 42 U.S.C. § 405(g) "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Schaefer, 509 U.S. at 297 n.2 ("Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citations omitted).



claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.") and Sullivan v. Finkelstein, 496 U.S. 617, (1990) (explaining that as opposed to the fourth sentence of § 405(g), "[t]he sixth sentence of § 405(g) plainly describes an entirely different kind of remand, appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding"). Supporting the court's disagreement with the Commissioner's position that this evidence is not "new" is the fact that the Appeals Council accepted and made the additional evidence part of the record rather than returning it and considered the additional evidence as part of its review.[4] See 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."); 20 C.F.R. § 404.976(b)(1) ("The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals

---

[4] The court also notes that it appears that some of this evidence may have been submitted prior to the hearing but, for some reason, was not marked as exhibits. (See Tr. 294) (referring to Tr. 622-29).



Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.").

Therefore, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record' " and determine whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard. Meyer, 662 F.3d at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). The Commissioner argues that this additional evidence is not material because although it shows that Dunlap "had surgery to relieve shoulder and neck pain due to disc herniations, it did not prove that her pain was of disabling severity or required greater limitation than that provided in the ALJ's RFC finding. Moreover, Dr. Toussaint's post-operative report reflects that [Dunlap] had no complications and good alignment following the surgery." (Def.'s Br. at 21, ECF No. 17 at 21.)

As discussed above, the Appeals Council is not required to explain its reasoning in denying review. However, the court cannot tell whether the Commissioner's decision is supported by substantial evidence based on the circumstances of this case because the Appeals Council did not provide any explanation for its finding that the medical and surgical records did not provide a basis for changing the ALJ's decision. Specifically, the court finds that the ALJ may well change his opinion in light of the additional evidence from Dr. Toussaint and therefore cannot agree with the Commissioner's argument that this evidence is not material. See Wilkins, 953 F.2d at 96 ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). This is especially so in light of the fact that the ALJ's opinion does not specifically address any impairments relating to Dunlap's neck and appears to discredit Dunlap's subjective reports of pain in her neck and shoulders. Moreover, as argued by Dunlap in another issue on appeal,

the residual functional capacity assessment does not include or address any limitations stemming from Dunlap's neck or shoulder[5] or reports that Dunlap may require use of a cane and had difficulty ambulating and would fall at times, both of which may further erode occupational base indicated by Dunlap's residual functional capacity assessment. Cf. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (holding that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review") (citing Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (*per curiam*)). The ALJ's evaluation of these issues may be further impacted by the additional evidence submitted to the Appeals Council. Although the Commissioner argues that these records do not demonstrate that Dunlap's pain was of disabling severity or required greater limitations, without this analysis, the court is constrained to recommend that this matter be remanded in light of the combination of issues discussed above.[6]

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Dunlap's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and

---

[5] As pointed out by Dunlap, the state agency reviewers indicated that Dunlap was limited to frequent bilateral reaching in all directions (including overhead). (Tr. 452, 509.) Although the reviewers also found that Dunlap could perform light work rather than sedentary, the ALJ stated that he found that his residual functional capacity assessment was more restrictive and appropriate. However, the ALJ did not provide or otherwise discuss a reason for not including the more restrictive limitation indicated by the reviewers regarding Dunlap's reaching. (Tr. 22.)

[6] The court expresses no opinion as to whether further consideration of the evidence by the ALJ should lead to a finding of disability during the time period at issue. Further analysis and discussion may well not affect the ALJ's conclusions in this case.



declining to address claimant's additional arguments). Moreover, if necessary, Dunlap may present her remaining arguments on remand.[7]

### RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

July 17, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[7] Although Dunlap may present her other arguments on remand if necessary, Dunlap's remaining issues, standing alone, would not warrant a recommendation of remand by the court for further consideration by the Commissioner. For the reasons discussed by the Commissioner, the court finds that Dunlap has failed to demonstrate that the ALJ erred in evaluating her fibromyalgia. Further, the court finds that even assuming without deciding that the ALJ committed the remaining errors alleged by Dunlap, as argued by the Commissioner, Dunlap has not carried her burden to show how the other errors harmed her. See Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (finding, in spite of the ALJ's error, reversal not warranted where it was "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of nondisability"); Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (applying the harmless error doctrine in the social security context and stating that "even assuming Chenery is applicable, any error is reviewed under the harmless error doctrine. Thus, if the decision 'is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time' ") (quoting Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).